**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADAM POTTER,

                Plaintiff/Counterclaim Defendant,

v.

BEACON INTERCONTINENTAL GROUP,
INC. and BUSINESS INSURANCE HOLDINGS,
INC.,

            Defendants/Counterclaim Plaintiffs.

Civil Action No. 1:20-cv-04599-JGK

---

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff/Counterclaim Defendant, Adam Potter ("**Plaintiff**") and Defendants/Counterclaim Plaintiffs, Beacon Intercontinental Group, Inc. and Business Insurance Holdings, Inc. ("**Defendants**" and collectively with Plaintiff, the "**Parties**," and each individually, a "**Party**"), through their respective attorneys of record in connection with the above-captioned litigation ("**Action**"), as follows:

WHEREAS, documents, testimony, and information have been and may be sought, produced, or exhibited by and among the Parties constituting, containing, or relating to trade secrets, proprietary systems, confidential commercial and sales information, confidential marketing and business development plans and strategies, confidential research and development or other proprietary information, confidential employee information, credit, financial, and other personal information, Protected Health Information and individually identifiable health information protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. § 164.500 *et seq.*) and the privacy regulations promulgated thereunder ("HIPAA"), and/or other similar confidential, proprietary, or private information

1

belonging to the Parties and/or their agents, employees, representatives, clients, and/or customers; and

WHEREAS, the Parties believe that good cause exists for this Court to enter a protective order to facilitate discovery and to govern the dissemination and use of confidential, proprietary and/or private documents and information produced in this Action;

AND NOW, THEREFORE, IT IS STIPULATED AND AGREED by and among the Parties that the Court may enter a protective order as follows:

1.      This Protective Order ("**Order**") is entered pursuant to Federal Rule of Civil Procedure 26(c) and shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this Action that is or are designated to be subject to this Order.

2.      **Definitions**.

        a.      "**Confidential Materials**."  A document, including but not limited to, deposition testimony, may be designated "CONFIDENTIAL" where it contains (i) information protected from disclosure by statute, rule, common law or agreement between the Designating Party and another party; (ii) information received in confidence from a non-Party; and/or (iii) non-public business, commercial, financial, or personal information, the public disclosure of which would likely, in the good faith opinion of the Designating Party, harm the Designating Party's business, commercial, or financial interests or cause the Designating Party to violate his, her, or its privacy or confidentiality obligations to others.

        b.      "**Confidential-Attorneys' Eyes Only Materials**."  Under extraordinary circumstances, a document, including but not limited to deposition testimony, may be designated "CONFIDENTIAL–ATTORNEYS EYES ONLY" where it contains,

2

constitutes or concerns highly competitive or highly sensitive information, the public disclosure of which would likely, in the good faith opinion of the Designating Party, seriously harm the Designating Party's business, commercial, or financial interests.

    c.    The definitions of "Confidential Materials" and "Confidential-Attorneys' Eyes Only Materials," and the designations of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall not apply to (i) information in the public domain at the time of disclosure, provided that if only part of the contents of particular "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Discovery Material is in the public domain, the remaining contents shall remain subject to this Order; (ii) information that becomes a part of the public domain through no fault of a Receiving Party; or (iii) information the Receiving Party obtains from another properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure. The Receiving Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria.

    d.    **"Confidential Information"** shall mean and refer to either and/or both "Confidential Materials" and "Confidential-Attorneys' Eyes Only Materials."

    e.    **"Producing Party"** means any party that produces Confidential Information in connection with this Action.

    f.    **"Receiving Party"** means any party that receives Confidential Information in connection with this Action.

    g.    **"Designating Party"** means any party that designates materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.   **Designation of Confidential Information.**   Except as to deposition and trial testimony and transcripts which are governed by Paragraph 4 below, any documents, testimony, or information produced, marked, exchanged or otherwise submitted, either voluntarily or pursuant to any order entered in this Action, which is asserted in good faith by the Producing Party or by any other party to contain or constitute Confidential Information, shall be so designated in writing (or orally on the record if the document is produced at a deposition, hearing, or trial). Materials so designated shall be clearly marked on their face with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as appropriate.

4.   **Depositions.**   A party wishing to designate portions of a deposition transcript "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order must, within seven (7) days from the conclusion of the deposition, order the original or a certified copy of the transcript of the deposition from the court reporter for regular turnaround. The Designating Party may designate those portions of the transcript "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with Paragraph 2 above. The Designating Party shall designate such information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" either on the record during the deposition or by serving notice upon all counsel of record in writing setting forth the page, line numbers and designation. The Designating Party must serve such notice within ten (10) days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as Confidential-Attorneys' Eyes Only Material until the expiration of the ten-day period described in the preceding sentence. Any portions of a transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall thereafter be treated in accordance with such designation pursuant to this Order. The parties shall negotiate in good faith to alter the time frames set forth in this Paragraph

in situations where a more expedited filing of a designated portion of the deposition transcript is necessary or required.

5.     **Access to Confidential Information.**  In the absence of prior written permission from the Producing Party or an order of Court:

a.     Confidential Materials shall not be disclosed to any person other than: (i) the Parties, their officers, employees, and attorneys of record in this Action, and the members and employees of such attorneys' firm(s); (ii) qualified persons taking testimony involving such material and necessary stenographic, videography, and clerical personnel; (iii) disclosed experts or retained consultants and their staff employed for this Action, provided they first agree in writing to maintain all Confidential Information as provided for in Paragraph 7 below; (iv) persons who authored or received such Confidential Information independently of production in this Action; (v) witnesses at trial or in any deposition or other proceeding of this Action, provided those among the witnesses who did not author or were not previously a recipient of such Confidential Information first agree in writing to maintain all Confidential Information as provided for in Paragraph 7 below; (vi) the Court and Court personnel; and (vii) outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, and litigation support services, engaged by a Party during this Action to whom disclosure is reasonably necessary.

b.     Confidential-Attorneys' Eyes Only Materials shall not be disclosed to any person other than:  (i) the attorneys of record in this Action, and the members and employees of such attorneys' firm(s); (ii) qualified persons taking testimony involving such material and necessary stenographic, videography, and clerical personnel; (iii) disclosed

experts or retained consultants and their staff employed for this Action, provided they first agree in writing to maintain all Confidential Information as provided for in Paragraph 7 below; (iv) persons who authored or received such Confidential Information independently of production in this Action; (v) witnesses at trial or in any deposition or other proceeding of this Action, provided those among the witnesses who did not author or were not previously a recipient of such Confidential Information first agree in writing to maintain all Confidential Information as provided for in Paragraph 7 below; (vi) the Court and Court personnel; and (vii) outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, and litigation support services, engaged by a Party during this Action to whom disclosure is reasonably necessary.

6.  **Use and Dissemination of Confidential Information**.

a.  All Confidential Information, and all information derived therefrom (including, but not limited to, testimony that refers, reflects, or otherwise discusses any such Confidential Information), shall only be used or disclosed as provided for in this Order, and shall not be, either directly or indirectly, made public by any Receiving Party or be used by a Receiving Party for any purpose other than (i) discovery and other trial preparation in connection with this Action, including, but not limited to, motion practice, trial, writs, appeals or (ii) ancillary proceedings for claims and/or defenses by and among any of the Parties, regardless of whether such claims and/or defenses are asserted in this Action or otherwise.

b.  All persons to whom Confidential Information is disclosed shall not disclose or disseminate such materials to any other person except as provided in this Order.

7.    **Declaration of Recipients.**  Any person provided with Confidential Information shall be given a copy of this Order before being shown any Confidential Information, and its provisions shall be explained to them by an attorney.  Each such person, before having access to the Confidential Information, shall agree not to disclose or make use of any such Confidential Information other than solely for purpose of this Action, and shall acknowledge those obligations and that he or she fully understands and agrees to the Order's terms, regardless of whether the Court enters the Order.  Confidential Information shall not be disclosed to any person designated in Paragraph 5(a)(iii), or (v) or in Paragraph 5(b)(iii) or (v), unless such person has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agrees to be bound by the terms thereof, agrees not to reveal such Confidential Information to anyone other than as permitted by this Order, and agrees to utilize such Confidential Information solely for the purposes of this Action.  All persons to whom Confidential Information is disclosed understands and agrees not to disclose or disseminate same to any other person except as provided in this Order, and also understands and agrees not to use Confidential Information for any purpose except for discovery, preparation for trial, trial, post-trial motions, or appeals in this Action.

8.    **Use of Confidential Information at Trial.**  If any Receiving Party desires at trial or at a hearing to offer into evidence Confidential Information, or to use such material in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such material and in accordance with the instructions of the Court, which may include the offering of material outside the presence of persons other than court personnel and counsel, and/or filing such material under seal.

9.  **Filing of Confidential Information.**  This Order does not prevent any party from seeking to file Confidential Information under seal, or from seeking any other similar relief pursuant to the policies, procedures or Local Rules of the United States District Court for the Southern District of New York.  All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Information, or the substance of such Confidential Information ("**Confidential Filing**"), shall be done pursuant to the policies and procedures of the Court[1] and Electronic Filing System, and the Local Rules of the United States District Court for the Southern District of New York.  The parties shall work together in good faith, as necessary and/or required by the policies and procedures of the Court and Electronic Filing System, the Local Rules of the United States District Court for the Southern District of New York and this Order, to coordinate the filing of all Confidential Filings to permit compliance with those policies, procedures, rules and this Order.

10.  **Subpoena or Request for Confidential Information by Third Party.**  The Parties agree that Confidential Information produced in discovery in this Action shall not be used, be required to be produced, or be admissible, in whole or in part, in any other legal or administrative proceedings.  If a Receiving Party receives a subpoena, civil investigative demand, or formal request from any governmental agency, governmental office, or other person, that calls for or would require the disclosure or production of Confidential Information, the Receiving Party shall provide a copy of such subpoena, demand, or request to the Producing Party within three (3) days of the receipt of same by email and priority mail.  If the Producing Party files a motion with respect to any such subpoena, demand, or request, the Receiving Party shall refrain from producing the

---

[1] *See* Individual Practices of the Honorable John G. Koeltl, § 6.

Confidential Information until the Court rules on the motion and the Receiving Party thereafter shall comply with the Court's Order.

11.   **Inadvertent Production and/or Mistaken Designation of Confidential Information.**   If at any time before termination of this Action a Producing Party through inadvertence or mistake realizes that Confidential Information has been produced without marking it with a "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation, or has designated certain Confidential Information with an incorrect level of confidentiality, the Producing Party (a) may give written notice to the Receiving Party(ies) that the material contains Confidential Information and should be treated as such in accordance with the provisions of this Order ("**Notice**"); and (b) shall, if such Notice is given, provide the Receiving Party(ies) with substitute copies of the affected materials, marked with the appropriate confidentiality designation, at the expense of the Producing Party.  Upon receipt of such Notice and marked substitute copies of the affected materials, the Receiving Party(ies) and all recipients of such information shall return or destroy all unmarked or misdesignated materials and not retain copies thereof, and must treat such material in accordance with its designation and cooperate in restoring the confidentiality of such material, provided however that the Receiving Party shall not be responsible for the disclosure or other distribution of undesignated or misdesignated material made in accordance with the terms of this Order before the receipt of such notification of a claim of confidentiality.  Any Receiving Party or other recipient of undesignated or misdesignated materials that elects to destroy same (instead of returning them to the Producing Party) shall confirm in writing within ten (10) days from receipt of any Notice that those undesignated or misdesignated materials have been destroyed.  A Producing Party's inadvertent or mistaken disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure or exchanged

prior to the entry of this Order, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to the specific information inadvertently or mistakenly disclosed or as to any other information relating thereto or on the same or related subject matter.

12.   **Inadvertent Production of Materials Protected from Disclosure**.

a.      If information subject to a claim of attorney-client privilege, the common interest privilege, work product protection or other legally cognizable privilege, protection or immunity is inadvertently disclosed ("**Protected Information**"), the disclosure of such Protected Information shall not constitute or be deemed a waiver or forfeiture of any privilege, protection or immunity that a party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.  The Parties intend that this provision shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2), and that this provision shall constitute an Order under Fed R. Evid. 502(d).

b.      If a Producing Party becomes aware that it has inadvertently produced Protected Information, the Producing Party will promptly notify each Receiving Party in writing of such inadvertent production. Within ten (10) days of receipt of such notice, each Receiving Party to which such notice is directed: (i) must return, sequester, or destroy the Protected Information and any copies; (ii) must take reasonable steps to recall the Protected Information if the Receiving Party disclosed it before being notified; and (iii) must provide written confirmation that all such Protected Information has been returned, sequestered, or destroyed. Any notes or summaries referring or relating to any such Protected Information shall be destroyed or sequestered within the same ten (10) day period provided for in the preceding sentence.

c.    If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

d.    Within ten (10) days of the notification that such Disclosed Protected Information has been returned, sequestered or destroyed, the party asserting privilege shall produce a privilege log with respect to the Protected Information setting forth all of the information required under Fed. R. Civ. P. 26(b)(5)(A)(ii).

e.    Nothing in this Paragraph shall prevent a Receiving Party from contesting or challenging the propriety of the claim that such Protected Information is privilege or otherwise protected from disclosure, including the filing of a motion with the Court.  If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B) and the Receiving Party may promptly seek a judicial determination of the matter pursuant to that rule (a **"Privilege Motion"**). Any Privilege Motion shall not assert as a ground for granting the motion the facts or circumstances which led to the production of the Protected Information.

f.    The party asserting privilege retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Paragraph shall limit the right of any party to petition the Court for an in camera review of the Protected Information.

13.   **Objections Reserved.** Except as otherwise expressly provided for in this Order, nothing contained in this Order shall affect or waive any party's right to object to the admissibility, discoverability, or privileged or exempted nature of any documents or information, including but not limited to Confidential Information, all such objections and exemptions being specifically preserved. Further, nothing contained in this Order shall affect or waive a party's right to object to any discovery request(s) or subpoena.

14.   **Disagreement Regarding Designation of Confidential Information.** If a Receiving Party disagrees with any designation of Confidential Information made under this Order, the Receiving Party shall notify the Designating Party in writing of its objection, and the Parties shall attempt in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the Receiving Party concludes in good faith that the materials have been improperly classified, the Receiving Party shall nevertheless continue to maintain the Confidential Information in accordance with the Designating Party's designation(s), but may move the Court to determine the designated status of such materials and to seek relief from the provisions of this Order. The Receiving Party shall continue to maintain the Confidential Information in accordance with the Designating Party's designation(s) until the Court has ruled on the Receiving Party's motion.

15.   **Unauthorized Disclosure of Confidential Information.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed or allowed the disclosure of Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Producing Party in writing of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the Confidential Information; (c) inform the person

or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the declaration in the form attached as Exhibit A.

16.     **Procedure upon Disposition of Action.** Within thirty (30) days following the final disposition of this Action, including any and all appeals, each Receiving Party shall:

a.     Return to the Producing Party or destroy all printed or "hard" originals of Confidential Information in its possession, custody or control, as well as all printed or "hard" copies thereof. Any Receiving Party that elects to destroy printed or "hard" copies of Confidential Information shall certify in writing to the Producing Party that, based on a reasonable, good faith review, the Receiving Party has destroyed all such documents in its possession, custody or control.

b.     If Confidential Information from a Producing Party is stored or otherwise maintained electronically by the Receiving Party, including but not limited to on an e-mail system or server, an internal document storage program, computer or external hard drive, disk, cloud storage, or other electronic media, the Receiving Party shall take all reasonable steps to delete said Confidential Information and, in any event, render it inaccessible by their representatives, attorneys and staff involved in the litigation of this Action. Further, as to any electronic versions of Confidential Information existing on backup storage media (including but not limited to backup "tapes" and archived email programs), the Parties agree that such electronic copies shall be subject to and deleted pursuant to such Receiving Party's and counsel's routine data backup and retention policies, and that the actual permanent deletion of such Confidential Information may occur as such backup media is overwritten or otherwise as part of document deletion procedures in the normal course of business. The Receiving Party shall not in any event make any attempt to retrieve, restore,

review, disseminate, or use the Confidential Information stored on any such backup storage media for any purpose, and must promptly take steps to delete or sequester such Confidential Information if a backup containing such data is ever retrieved or restored for any purpose.

     c.    This Paragraph shall not require the Receiving Party or his, her, or its counsel, to destroy or return Confidential Information containing, attaching, or constituting work product, nor shall this Paragraph require the destruction of documents filed with the Court or other tribunal for or in this Action, hearing or argument transcripts, deposition transcripts, trial transcripts, trial exhibits, discovery requests and written responses, stipulations, or correspondence between counsel for the Parties that contain verbatim Confidential Information, set forth the substance of such Confidential Information, or include any deposition testimony or documents designated as Confidential Information, provided however, that the Receiving Party or his, her, or its counsel, who retains such documents or information shall maintain them consistent with the provisions of Paragraph 6 above.

    17.    **Survival of Terms.**  This Order shall remain binding after the final disposition of this Action (which includes exhaustion of any and all appeals) on all persons to whom Confidential Information is produced, disclosed or otherwise disseminated unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order.  Each individual signing the declaration attached as Exhibit A knowingly and voluntarily agrees to be subject to the jurisdiction of this Court for purposes of this Order.

    18.    **Designation Not Evidence.**  Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," nor

the failure to make such designation, shall constitute evidence on any issue in this Action.  The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not waive that party's objection to any discovery on the ground that the materials are subject to a protective order under Federal Rule of Civil Procedure 26(c) or are otherwise protected by statute, rule or common law.

19.    **Use of Own Materials.**  Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to documents and information obtained or developed independently of Confidential Information produced in this Action.

20.    **Effect of Protective Order on Third Parties.**  Third parties who are the subject of discovery requests, subpoenas, or depositions in this Action may take advantage of the provisions of this Order by marking or designating such materials or testimony consistent with its terms.

21.    **Immediate Effect of Proposed Protective Order.**  The Parties agree to be bound by the terms of this Order prior to its approval by the Court.  In the event the Court does not enter this Order, the Parties agree that they shall nevertheless be bound to the terms of the Order as if it had been so entered.

/s/ John A. Wait _____

John A. Wait

**FOX ROTHSCHILD LLP**

101 Park Avenue, 17th Floor
New York, New York 10178
T: 212-878-7900 / F: 212-692-0940
jwait@foxrothschild.com

Robert S. Tintner (Admitted *Pro Hac Vice*)
PA Bar No. 73865 / NJ Bar No. 049651994
Nathan M. Buchter (Admitted *Pro Hac Vice*)
PA Bar No. 318746 / NJ Bar No. 117472014
2000 Market Street, 20th Floor
Philadelphia, PA, 19103-3222
T: (215) 299-2000 / F: (215) 299-2150
rtintner@foxrothschild.com
nbuchter@foxrothschild.com

*Attorneys for Plaintiff/Counterclaim
Defendant Adam Potter*

/s/  Christopher Oprison _____

Christopher Oprison (Admitted *Pro Hac Vice*)

**DLA PIPER LLP (US)**

200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
T: 1-305-423-8522 / F: 1-305-657-6366
chris.oprison@dlapiper.com

David Toner
1251 Avenue of the Americas
New York, New York 10020
T: (212) 335-4500 / F: (212) 335-4501
david.toner@dlapiper.com

*Attorneys for Defendants/Counterclaim
Plaintiffs Beacon Intercontinental Group, Inc.
and Business Insurance Holdings, Inc.*

**SO ORDERED.**

Dated: New York, New York

   May _10_, 2021

_____
UNITED STATES DISTRICT JUDGE

*This Order is not binding on the Court
or Court personnel. The Court reserves
the right to amend it at any time.*

*so ordered.*

5/10/21   U.S.D.J.

16

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ADAM POTTER,

                  Plaintiff/Counterclaim Defendant,

v.

BEACON INTERCONTINENTAL GROUP,
INC. and BUSINESS INSURANCE HOLDINGS,
INC.,

                  Defendants/Counterclaim Plaintiffs.

Civil Action No. 1:20-cv-04599-JGK

---

**DECLARATION OF _____**
**UNDER STIPULATED PROTECTIVE ORDER**

---

I, _____ being duly sworn, declare as follows:

My address is _____.

My present employer is _____.

My present occupation or job description is _____

---

I hereby acknowledge that: (i) I have received a copy of the Stipulated Protective Order ("**Protective Order**") entered in the above-captioned litigation ("**Action**"); (ii) I have carefully read the Protective Order and asked any questions I may have about it; and (iii) I fully understand the Protective Order's terms.

I agree to comply with all of the Protective Order's terms. I will hold all Confidential Information disclosed to me, including the substance of and any copy, summary abstract, excerpt, index or description of Confidential Information, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Information disclosed to me for any purpose other than in connection with this Action.

I will, consistent with the terms of the Protective Order, destroy, sequester, or return all Confidential Information that comes into my possession and all materials that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such Confidential Information.

I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the Protective Order in this Action.

      I declare under the penalty of perjury under the law of the United States and the State of New York that the foregoing is true and correct, and that this Declaration was executed this _____ day of _____, 202___.


                            _____
                                  [signature]