**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ADAM POTTER,

            Plaintiff/Counterclaim Defendant,

            v.

BEACON INTERCONTINENTAL GROUP, INC.
and BUSINESS INSURANCE HOLDINGS, INC.,

            Defendants/Counterclaim Plaintiffs.

C.A. No.  1:20-cv-04599-JGK-OTW

## ADAM POTTER'S ANSWER AND AFFIRMATIVE DEFENSES TO BEACON INTERCONTINENTAL GROUP, INC. AND BUSINESS INSURANCE HOLDINGS, INC.'S THIRD AMENDED COUNTERCLAIMS

Plaintiff/Counterclaim Defendant, Adam Potter ("**Potter**"), by and through his undersigned counsel, hereby responds to the third amended counterclaims filed by Defendants/Counterclaim Plaintiffs, Beacon Intercontinental Group, Inc. ("**Beacon**") and Business Insurance Holdings, Inc. ("**BIH**," together with Beacon, the "**Defendants**") as follows:

## JURISDICTION AND VENUE

1.      Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

2.      Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a stock purchase agreement, dated September 3, 2019 (the "**SPA**"), which is a writing that speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other

allegations in this paragraph, express or implied, are denied.

## GENERAL ALLEGATIONS

3.      Denied.

4.      Admitted in part and denied in part. It is admitted that C&E MGMT & Planning, Inc. ("C&E MGMT") was a Florida corporation and the predecessor entity of BIH. It is also admitted that Potter was the sole owner of C&E MGMT on June 1, 2018. All other allegations in this paragraph, express or implied, are denied.

5.      Admitted in part and denied in part. It is admitted only that Potter, Moxie HC, LLC, Claims Pages, LLC, CLM Group, Inc. and C&E MGMT entered into an asset purchase agreement, dated June 1, 2018, with The American Institute for Chartered Property Casualty Underwriters and The Institutes, LLC (collectively, "The Institutes"). All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on an asset purchase agreement, dated June 1, 2018 (the "**APA**"), which is writing that speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

6.      Admitted in part and denied in part. It is admitted only that C&E is described in the APA as "engaged in the business of identifying and securing conference and event locations, hotel contracts, and outside locations." All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

7.      Admitted in part and denied in part. It is admitted only that The Institutes purchased substantially all assets from C&E MGMT. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

8.      Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

9.      Admitted in part and denied in part. It is admitted that Potter amended C&E MGMT's corporate name to BIH in an application received by the Florida Department of State on June 7, 2018. It is also admitted that the APA required Potter to amend the corporate name of C&E MGMT after closing. All other allegations in this paragraph, express or implied, are denied.

10.     Admitted in part and denied in part. It is admitted that Potter owned Business Insurance Holdings, LLC ("**BIH, LLC**") on June 7, 2018. It is also admitted that Potter amended BIH, LLC's corporate name to PBIH, LLC in an application received by the Florida Department of State on June 7, 2018. All other allegations in this paragraph, express or implied, are denied.

11.     Admitted in part and denied in part. It is admitted only that discussions between

Potter and Steve Acunto III concerning the sale of BIH began in or about June 2019. It is expressly denied that Potter initiated those conversations or otherwise initiated communications with Steve Acunto III concerning the sale of BIH. All other allegations in this paragraph, express or implied, are denied.

12.     Admitted in part and denied in part. It is admitted only that BIH was a national media and events hub serving insurance, reinsurance and risk management leaders during the time it was owned by Potter. After reasonable investigation, Potter is without sufficient knowledge or information to form a belief as to the truth of the matter asserted after Potter's sale of BIH to Beacon on or about September 3, 2019 and, therefore, those allegations are denied.  All other allegations in this paragraph, express or implied, are denied.

13.     Admitted in part and denied in part. It is admitted only that BIH was a national media and events hub serving insurance, reinsurance and risk management leaders during the time it was owned by Potter. All other allegations in this paragraph, express or implied, are denied.

14.     Denied.

15.     Denied.

16.     Denied as stated. On June 13, 2019, Steve Acunto III emailed Potter "to get the proverbial ball rolling" by "express[ing his] keen interest in acquiring BI and any of its directly affiliated entities." As part of that opening email, Steve Acunto III asked Potter to "share informational materials" and stated to Potter "if you wish to note the price that you would find fair, that would be interesting for us and help us gauge our offer." All other allegations in this paragraph, express or implied, are denied.

17.     Admitted in part and denied in part. It is admitted only that Steve Acunto III sent an email to Potter on June 13, 2019. All other allegations in this paragraph, express or implied, are

denied.

18.     Admitted in part and denied in part. It is admitted only that, on June 13, 2019 Potter sent Steve Acunto III an email enclosing certain financial documents related to BIH. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on written documents (the June 13, 2019 email and attachments), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.

19.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

20.     Denied. The allegations in this paragraph cite to and purport to rely on written documents (the June 13, 2019 email and attachments), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

21.     Denied. The allegations in this paragraph cite to and purport to rely on written documents (the June 13, 2019 email and attachments), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

22.     Admitted in part and denied in part. It is admitted only that, on June 13, 2019 Potter

sent Steve Acunto III an email enclosing certain financial documents related to BIH. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on written documents (the June 13, 2019 email and attachments), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.

23.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on written documents (the June 13, 2019 email and attachments), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

24.     Denied. The allegations in this paragraph cite to and purport to rely on written documents (BIH's "QuickBooks Accounting Records"), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

25.     Denied. The allegations in this paragraph cite to and purport to rely on written documents (BIH's "QuickBooks Accounting Records"), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their

terms. All other allegations in this paragraph, express or implied, are denied.

26.     Denied. The allegations in this paragraph cite to and purport to rely on written documents (BIH's "QuickBooks Accounting Records"), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

27.     Admitted in part and denied in part. It is admitted only that the parties used BIH's Earnings Before Interest, Taxes, Depreciation, and Amortization ("**EBITDA**") for calendar year 2018 as a basis to arrive at a purchase price for BIH. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

28.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

29.     Denied. The allegations in this paragraph cite to and purport to rely on written documents (a June 18, 2019 email and attachment), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

30.     Denied. The allegations in this paragraph cite to and purport to rely on written documents (BIH's "QuickBooks Accounting Records"), which speak for themselves and to which

no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

31.   Denied.

32.   Admitted in part and denied in part. It is admitted only that Potter was the sole owner of BIH at the time of its sale to Beacon. After reasonable investigation, Potter is without sufficient knowledge or information about what Steve Acunto III purportedly understood to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

33.   Denied.

34.   Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on August 6, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

35.   Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on August 8, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

36.   Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on August 15, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

37.   Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto

III communicated by email on August 19, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

38.     Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on August 30, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

39.     Denied.

40.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

41.     Admitted in part and denied in part. It is admitted only that Potter and Beacon used BIH's EBITDA for calendar year 2018 as a basis to arrive at a purchase price for BIH. All other allegations in this paragraph, express or implied, are denied.

42.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

43.     Admitted in part and denied in part. Upon information and belief, it is admitted only that Steve Acunto III formed Beacon to purchase BIH. All other allegations in this paragraph, express or implied, are denied.

44.     Admitted in part and denied in part. It is admitted only that Potter and Beacon

executed the SPA on September 3, 2019. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

45.     Admitted in part and denied in part. It is admitted only that Beacon acquired all of BIH's capital stock from Potter. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

46.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

47.     Admitted in part and denied in part. It is admitted only that Beacon made a $4 million payment at closing. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

48.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize

that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

49.     Admitted in part and denied in part. It is admitted only that Beacon executed a promissory note in connection with the purchase of BIH. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (a promissory note), which speaks for itself and to which no response is required. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

50.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

51.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

52.     Denied.

53.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. After reasonable investigation, Potter is without sufficient knowledge or information about what Beacon

purportedly saw to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

54.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. After reasonable investigation, Potter is without sufficient knowledge or information about what Beacon purportedly discovered to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

55.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. After reasonable investigation, Potter is without sufficient knowledge or information about what was purportedly discovered, or by whom, to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

56.     Denied. After reasonable investigation, Potter is without sufficient knowledge or information about what was purportedly discovered to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

57.     Denied.

58.     Denied.

59.     Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to what Beacon purportedly learned to form a belief as to the truth of the matter asserted

and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

60.     Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to what Beacon purportedly learned to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

61.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

70.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

13

could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

71.     Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on December 23, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

72.     Admitted in part and denied in part. It is admitted only that counsel for Potter sent a letter to counsel for Beacon, dated April 14, 2020, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

73.     Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on December 20, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

74.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

75.     Denied.

76.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

77.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

78.     Denied.

79.     Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on December 20, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

80.     Admitted in part and denied in part. It is admitted only that counsel for Potter sent a letter to counsel for Beacon, dated April 14, 2020, which is a writing that speaks for itself. Potter

15

denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

81.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

82.  Denied.

83.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

84.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

85.  Denied.

86.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

87.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

88.     Denied.

89.     Denied.

90.     Admitted in part and denied in part.  It is admitted only that Potter and Steve Acunto III communicated by email on December 20, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

91.     Admitted in part and denied in part. It is admitted only that counsel for Potter sent a letter to counsel for Beacon, dated April 14, 2020, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

92.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All

other allegations in this paragraph, express or implied, are denied.

93.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

94.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

95.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

96.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

97.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

98.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

99.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

100.    Denied.

101.    Denied.

102.    Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on December 20, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

103.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

104.    Admitted in part and denied in part. It is admitted only that counsel for Potter sent a letter to counsel for Beacon, dated April 14, 2020, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. The allegations in this paragraph also set forth legal conclusions to

which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

105.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

106.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

107.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

108.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

109.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

110. Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

111. Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

112. Denied.

113. Admitted in part and denied in part. It is admitted only that Potter and Steve Acunto III communicated by email on December 20, 2019, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

114. Admitted in part and denied in part. It is admitted only that counsel for Potter sent a letter to counsel for Beacon, dated April 14, 2020, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

115.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

116.    Denied.

117.    Denied.

118.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

119.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

120.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

121.    Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

122.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

123.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

124.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

125.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

126.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

127.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

128.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

129.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

130.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

131.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

132.     Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to what Beacon purportedly would or would not have done to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this

paragraph, express or implied, are denied.

133.    Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to what Beacon purportedly would or would not have done to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

134.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

135.    Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to the information upon which this paragraph and chart purportedly rely to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

136.    Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to the information upon which this paragraph and chart purportedly rely to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

137.    Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to the information upon which the allegations in this paragraph purportedly relies to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

138.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

139.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

140.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

141.   Denied. The allegations in this paragraph cite to and purport to rely on a written

document (a July 29, 2019 letter), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

142.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (a July 29, 2019 letter), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

143.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (a July 29, 2019 letter), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

144.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (a July 29, 2019 letter), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

145.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (a July 29, 2019 letter), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this

paragraph, express or implied, are denied.

146.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

147.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

148.     Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to what The Institutes purportedly were or were not aware of to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

149.     Denied.  Steve Acunto III testified at trial in the *American Institutes for Chartered Property Casualty Underwriters, et al. v. Potter, et al.*, No. 1:19-cv- 1600 (D. Del) (the "**Delaware**

**Federal Action**") that Potter told him *prior to closing on the SPA* about The Institutes' July 29, 2019 and August 12, 2019 letters, which referenced Business Insurance's Cannabis & Hemp Conference and Intellectual Property Conference.  Potter also sent Steve Acunto III a copy of The Institutes' initial complaint, which also addressed the above-conferences, and "nam[ed] Adam Potter and Business Insurance." Potter-SDNY-0000386 to -0000412.

150.    Denied as stated. As noted above, during the due diligence period, Potter disclosed to the Acuntos the substance of what The Institutes' claimed in the July 29, 2019 and August 12, 2019 concerning the Cannabis & Hemp Conference and the Intellectual Property Conference. All other allegations in this paragraph, express or implied, are denied.

151.    Denied.

152.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (an August 12, 2019 letter), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

153.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (an August 12, 2019 letter), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

154.    Denied.  Steve Acunto III testified at trial in the Delaware Federal Action that Potter told him *prior to closing on the SPA* about The Institutes' July 29, 2019 and August 12, 2019 letters, which referenced Business Insurance's Cannabis & Hemp Conference and Intellectual

Property Conference.  Potter also sent Steve Acunto III a copy of The Institutes' initial complaint, which also addressed the above-conferences, and "nam[ed] Adam Potter and Business Insurance." Potter-SDNY-0000386 to -0000412.

155.    Denied as stated. During the due diligence period, Potter disclosed to the Acuntos the substance of what The Institutes' claimed in the July 29, 2019 and August 12, 2019 letters concerning the Cannabis & Hemp Conference and the Intellectual Property Conference. All other allegations in this paragraph, express or implied, are denied.

156.    Denied.

157.    Admitted in part and denied in part. It is admitted only that The Institutes initiated the Delaware Federal Action against Potter and BIH, LLC on August 28, 2019. It is expressly denied that Potter had notice that the Delaware Federal Action had been filed at the time of closing on the SPA (September 3, 2019). All other allegations in this paragraph, express or implied, are denied.

158.    Denied. The allegations in this paragraph cite to and purport to rely on The Institutes' original complaint filed in the Delaware Federal Action, which is a written document that speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

159.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA),

which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

160.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

161.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

162.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize

that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

163.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied.  To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. 163.  Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied.  To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

164.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

165.    Denied.

166.     Denied.

167.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

168.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

169.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

170.     Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

171.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

172.    Denied.

173.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the APA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

174.    Admitted in part and denied in part. It is admitted only that Potter amended C&E MGMT's corporate name to BIH in an application received by the Florida Department of State on

June 7, 2018. All other allegations in this paragraph, express or implied, are denied.

175.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

176.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

177.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on BIH's Motion to Dismiss The Institutes' amended and supplemental complaint filed in the Delaware Federal Action, which is a written document that speaks for itself and to which no response is required. To the extent that a

response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

178.    Admitted in part and denied in part. It is admitted only that Potter filed a response endorsing the relief sought by BIH in its Motion to Dismiss The Institutes' amended and supplemental complaint filed in the Delaware Federal Action. All other allegations in this paragraph, express or implied, are denied.

179.    Denied. The allegations in this paragraph also cite to and purport to rely on a written document (email communications), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

180.    Admitted in part and denied in part. It is admitted only that The Institutes filed an amended and supplemental complaint in the Delaware Federal Action on March 27, 2020, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

181.    Admitted in part and denied in part. It is admitted only that Potter filed a partial motion to dismiss The Institutes' amended and supplemental complaint filed in the Delaware Federal Action. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (Potter's partial motion to dismiss The Institutes' amended and supplemental complaint filed in the Delaware Federal Action), which speaks for itself and to which no response is required. To the extent that a

36

response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

182.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

183.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on written documents (the APA, a July 29, 2019 letter and an August 12, 2019 letter), each of which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

184.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

185.    Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

186.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. After reasonable investigation, Potter is without sufficient information and knowledge as to what Beacon purportedly would or would not have done to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied.

187.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

188.   Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

189.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA),

which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

190.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

191.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

192.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The

allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

193.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

194.   Admitted in part and denied in part. It is admitted only that, on June 14, 2019, Potter provided Steve Acunto III with a list of events promoted by BIH annually. The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

195.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

196.   Admitted in part and denied in part.  It is admitted only that the court in the Delaware Federal Action entered an injunction against BIH. All other allegations in this paragraph, express or implied, are denied. The remaining allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the

extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The remaining allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

197.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

198.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

199.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or

are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

200.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

201.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

202.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is

required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

203.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

204.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The \ allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

205.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

206.    Admitted in part and denied in part.  It is admitted only that the court in the

43

Delaware Federal Action entered an injunction against BIH. All other allegations in this paragraph, express or implied, are denied. The remaining allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The remaining allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

207.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

208.    Admitted in part and denied in part. It is admitted only that Potter filed a complaint under seal against Beacon in the Superior Court of Delaware, entitled *Potter v. Beacon Intercontinental Group, Inc.*, C.A. No. N20C-01-221 AML CCLD ("**Delaware State Court Action**"). All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (Potter's complaint filed in the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or

recharacterize that writing, or are otherwise inconsistent with its terms. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

209.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

210.    Admitted in part and denied in part. It is admitted only that Beacon was lawfully served with the complaint in the Delaware State Court Action on February 13, 2020 through its registered agent in Delaware. After reasonable investigation, Potter is without sufficient information and knowledge as to what purportedly occurred or did not occur between Beacon and its registered agent in Delaware to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

211.    Admitted in part and denied in part. It is admitted only that Potter obtained a clerk's default against Beacon in the Delaware State Court Action on March 5, 2020. The allegations in this paragraph cite to and purport to rely on a written document (the clerk's default entered in the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this

paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

212.   Denied. The allegations in this paragraph cite to and purport to rely on written documents (email communications between counsel), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

213.   Denied. The allegations in this paragraph cite to and purport to rely on written documents (an April 9, 2020 email communication between counsel), which speak for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

214.   Admitted in part and denied in part. It is admitted only that Potter was represented by Fox Rothschild in the Delaware State Court Action. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

215.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All

other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action. Moreover, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

216.    Denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

217.    Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to what counsel for BIH and Beacon purportedly was or was not aware of to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

218.    Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to what counsel for Beacon purportedly discovered, or when the Acuntos purportedly learned of, the Delaware State Court Action, to form a belief as to the truth of the matter asserted and, therefore, those allegations are denied. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

219.    Denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

220.    Admitted in part and denied in part. It is admitted that Beacon moved to set aside the clerk's default entered in the Delaware State Court Action. It is also admitted that Potter opposed the motion. All other allegations in this paragraph, express or implied, are denied. By way

of further response, the Delaware State Court Action and its proceedings is entirely irrelevant to the claims and defenses at issue in this action.

221.     Admitted in part and denied in part. It is admitted only that the Superior Court of Delaware granted Beacon's motion to set aside default filed in the Delaware State Court Action. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

222.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

223.     Denied. The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response,

the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

224.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

225.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

226.    Denied. The allegations in this paragraph cite to and purport to rely on written documents (transcript from the Delaware State Court Action and Potter's initial complaint), which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied,

are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

227. Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

228. Denied. The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

229. Denied. The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response,

the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

230.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

231.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

232.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

233.    Denied. The allegations in this paragraph cite to and purport to rely on a written

document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

234.    Admitted in part and denied in part. It is admitted only that Potter dismissed the Delaware State Court Action without prejudice on July 20, 2020. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (the notice of dismissal without prejudice in the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

235.    Admitted in part and denied in part. It is admitted only that Potter seeks to recover on the Promissory Note in this case to the fullest extent possible under applicable law. All other allegations in this paragraph, express or implied, are denied.  By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

236.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (Potter's

amended complaint in this action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

237.    Denied as stated. Any offer by Potter to defend or indemnify in connection with the Delaware Federal Action was made consistent with the SPA's terms, including its indemnification procedures with which BIH failed to comply.

238.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

239.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings,

or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

240.    Denied. The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

241.    Admitted in part and denied in part. It is admitted only that Potter sat for a deposition in this case. Potter denies all allegations that purport to paraphrase or recharacterize his testimony given at that deposition, or are otherwise inconsistent with it. All other allegations in this paragraph, express or implied, are denied.

242.    Admitted in part and denied in part. It is admitted only that Potter sat for a deposition in this case. Potter denies all allegations that purport to paraphrase or recharacterize his testimony given at that deposition, or are otherwise inconsistent with it. All other allegations in this paragraph, express or implied, are denied.

243.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

244.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

245.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

246.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

247.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The

allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

248.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

249.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

250.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is

required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

251.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

252.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

253.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA),

which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

254.    Denied. The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

255.    Denied. The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

256.    Denied.

257.    Denied. The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

258.    Denied. The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that

writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.  By way of further response, any offer by Potter to defend or indemnify in connection with in the Delaware Federal Action was made consistent with the SPA's terms, including its indemnification procedures with which BIH failed to comply.

259.    Admitted.

260.    Admitted in part and denied in part. It is admitted only that The Institutes filed an amended and supplemental complaint on March 27, 2020 naming BIH as a defendant.  All other allegations in this paragraph, express or implied, are denied.

261.    Denied as stated. Simultaneously with rejecting Fox Rothschild, BIH's counsel in this case (DLA Piper) stated that "It is not compulsory for my client to notify you, nor to engage you *or any other firm selected by Mr. Potter* . . . ," which is contrary to the express language of the SPA.  (emphasis added). All other allegations in this paragraph, express or implied, are denied.

262.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

263.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.  By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.  BIH's crossclaims in the Delaware Federal Action were all manufactured and meritless as shown throughout that case – especially at trial.

264.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.  By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.  BIH's crossclaims in the Delaware Federal Action were all manufactured and meritless as shown throughout that case – especially at trial.

265.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

266.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.  By way of further response,

there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

267.    Admitted in part and denied in part. It is admitted only that counsel for Defendants sent counsel for Potter a letter, dated August 4, 2020.  All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required.

268.    Admitted in part and denied in part. It is admitted only that counsel for Defendants sent counsel for Potter a letter, dated August 4, 2020.  All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.

269.    Admitted in part and denied in part. It is admitted only that counsel for Potter sent a letter to counsel for Defendants, dated August 14, 2020.  All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document, which speak for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writings, or are otherwise inconsistent with its terms.

270.    Denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speak for itself and to which no response is required. To the extent that a response

61

is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied..

271.    Denied as stated. Simultaneously with rejecting Fox Rothschild, BIH's counsel in this case (DLA Piper) stated that "It is not compulsory for my client to notify you, nor to engage you *or any other firm selected by Mr. Potter . . . ,*" which is contrary to the express language of the SPA.  (emphasis added). All other allegations in this paragraph, express or implied, are denied.

272.    Denied as stated. Simultaneously with rejecting Fox Rothschild, BIH's counsel in this case (DLA Piper) stated that "It is not compulsory for my client to notify you, nor to engage you *or any other firm selected by Mr. Potter . . . ,*" which is contrary to the express language of the SPA.  (emphasis added). All other allegations in this paragraph, express or implied, are denied.

273.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. Further, after reasonable investigation, Potter is without sufficient knowledge or information to form a belief as to the truth of whether DLA Piper (BIH's trial counsel in the Delaware Federal Action) is "independent counsel" and, therefore, those allegations are denied.  All other allegations in this paragraph, express or implied, are denied.

274.    Admitted.

275.    Admitted.

276.    Admitted.

277.    Admitted.

278.    Admitted in part and denied in part.  It is admitted only that, on September 15,

2022, the court in the Delaware Federal Action issued a trial opinion.  All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

279.    Admitted in part and denied in part.  It is admitted only that, on September 29, 2022, final judgment was entered in the Delaware Federal Action.  All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

280.    Denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

281.    Admitted in part and denied in part.  It is admitted only that the court in the Delaware Federal Action entered an injunction against BIH. All other allegations in this paragraph, express or implied, are denied. The remaining allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The remaining allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize

that writing, or are otherwise inconsistent with its terms.

282.    Admitted in part and denied in part.  It is admitted only that, on October 13, 2022, The Institutes filed a bill of costs in the Delaware Federal Action, which Potter and BIH have each opposed.  All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

283.    Admitted in part and denied in part.  It is admitted only that, on October 19, 2022, The Institutes filed an appeal to the Third Circuit in connection with the Delaware Federal Action. All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

284.    Admitted in part and denied in part.  It is admitted only that, on October 27, 2022, BIH filed an appeal to the Third Circuit in connection with the Delaware Federal Action.  All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

285.    Denied.  After reasonable investigation, Potter is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in this paragraph and, therefore, those allegations are denied.  The allegations in this paragraph set forth legal conclusions to which

no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

286.   Denied.  After reasonable investigation, Potter is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in this paragraph and, therefore, those allegations are denied.

287.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

288.   Admitted in part and denied in part.  It is admitted only that, on October 7, 2022, BIH sent Potter a letter entitled "Renewed Notice of Demand for Defense Costs and Indemnification."  All other allegations in this paragraph, express or implied, are denied.

289.   Denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  The allegations in this paragraph also set

forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

290.    Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

291.    Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

292.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or

are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

293.    Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

294.    Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

295.    Admitted in part and denied in part.  It is admitted only that, on October 21, 2022, Potter sent a letter-response to BIH's letter entitled "Renewed Notice of Demand for Defense Costs and Indemnification."  All other allegations in this paragraph, express or implied, are denied.

296.    Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph,

express or implied, are denied.

297.    Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

298.    Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

299.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

300.    Denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that

writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

301.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

302.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

303.    Denied.  After reasonable investigation, Potter is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in this paragraph and, therefore, those allegations are denied.  If true, however, this would mean that BIH was on notice that its

insurance coverage could be pulled when the Institutes' tortious interference and unjust enrichment claims were no longer pending and nonetheless decided to file a motion to dismiss those claims. All other allegations in this paragraph, express or implied, are denied.

304.   Admitted.

305.   Denied.  After reasonable investigation, Potter is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in this paragraph and, therefore, those allegations are denied.

306.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

307.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.  By way of further response, Potter's statement about insurance *is* relevant. The SPA's indemnification procedures expressly require "use [of] commercially reasonable efforts to collect

any amounts available under insurance coverage . . . for any losses to the same extent that the Indemnified Party would if such Loss were not subject to indemnification hereunder."

308.    Denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.  By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.  BIH's crossclaims in the Delaware Federal Action were all manufactured and meritless as shown throughout that case – especially at trial.

309.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.  BIH's crossclaims in the Delaware Federal Action were all manufactured and meritless as shown throughout that case – especially at trial.

310.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All

other allegations in this paragraph, express or implied, are denied.  By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

311.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

## COUNT I
## FRAUDULENT INDUCEMENT

312.    Potter incorporates all of his foregoing responses as if fully restated herein.

313.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

314.    Denied.

315.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

316.    Denied.

317.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

318.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

319.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

320.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (Schedule 3.09 of the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

321.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All

other allegations in this paragraph, express or implied, are denied.

322.    Admitted in part and denied in part. It is admitted only that Potter filed a partial motion to dismiss The Institutes' amended and supplemental complaint filed in the Delaware Federal Action. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (Potter's partial motion to dismiss filed in the Delaware Federal Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

323.    Denied.

324.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (Schedule 3.09 of the SPA and the SPA itself), each of which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

325.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

326.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

327.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

328.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

329.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

330.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

331.    Denied.

## COUNT II
## NEGLIGENT MISREPRESENTATION

332.    Potter incorporates all of his foregoing responses as if fully restated herein.

333.    Denied.

334.    Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

335.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

336.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

337.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

338.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

339.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (Schedule 3.09

of the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

340.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

341.    Admitted in part and denied in part. It is admitted only that Potter filed a partial motion to dismiss The Institutes' amended and supplemental complaint filed in the Delaware Federal Action. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document (Potter's partial motion to dismiss The Institutes' amended and supplemental complaint filed in the Delaware Federal Action), which speaks for itself and to which no response is required.  To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

342.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

343.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The

allegations in this paragraph also cite to and purport to rely on a written document (Schedule 3.09 of the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

344.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

345.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

346.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

347.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

348.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

349.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

350.     Denied.

### COUNT III
### BREACH OF EXPRESS REPRESENTATIONS AND WARRANTIES

351.     Potter incorporates all of his foregoing responses as if fully restated herein.

352.     Admitted in part and denied in part. It is admitted only that the SPA is a valid and binding contract supported by adequate consideration. All other allegations in this paragraph, express or implied, are denied.

353.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

354.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The

allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

355.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

356.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

357.   Admitted in part and denied in part. It is admitted that Potter executed the SPA.  It is also admitted that Potter filed a partial motion to dismiss The Institutes' amended and

supplemental complaint filed in the Delaware Federal Action, which is a writing that speaks for itself. Potter denies all allegations that purport to paraphrase or recharacterize to writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

358.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

359.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

360.    Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

361.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

362.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

363.    Admitted in part and denied in part. It is admitted only that Potter disclosed the Delaware Federal Action to the Acuntos prior to closing on the SPA. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite also to and purport to rely on a written document (Schedule 3.09 of the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

364.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (Schedule 3.09 of the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

365.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (Schedule 3.09 of the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that

writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

366.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

367.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

368.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is

required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

369.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

370.    Admitted in part and denied in part.   It is admitted only that the court in the Delaware Federal Action entered an injunction against BIH. All other allegations in this paragraph, express or implied, are denied. The remaining allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The remaining allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

371.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

372.    Denied.

373.    Denied.

## COUNT IV
## BREACH OF CONTRACT

374.     Potter incorporates all of his foregoing responses as if fully restated herein.

375.     Admitted in part and denied in part. It is admitted only that the SPA is a valid and binding contract supported by adequate consideration. All other allegations in this paragraph, express or implied, are denied.

376.     Denied.

377.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

378.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

379.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

380.     Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

381.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

382.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

383.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The

allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

384. Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

385. Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

386. Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

387.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

388.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

389.    Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

390.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

391.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

392.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

393.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

394.     Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied,

are denied.

395.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

396.   Admitted in part and denied in part.  It is admitted only that the court in the Delaware Federal Action entered an injunction against BIH. All other allegations in this paragraph, express or implied, are denied. The remaining allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The remaining allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

397.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

398.   Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

399.    Denied.

## COUNT V
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

400.    Potter incorporates all of his foregoing responses as if fully restated herein.

401.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

402.    Denied.

403.    Denied.

404.    Denied.

405.    Denied. The allegations in this paragraph cite to and purport to rely on a written document (a press release), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

406.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

407.    Denied. The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (Potter's partial motion to dismiss The Institutes' amended and supplemental complaint filed in the Delaware Federal Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

408.    Denied. After reasonable investigation, Potter is without sufficient information and knowledge as to the purported expectations of Beacon's owners to form a belief as to the truth of the matter asserted and, therefore, that allegation is denied. The allegations in this paragraph also set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

409.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

410.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

411.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

412.    Denied.

413.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

414.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

415.    Denied.

## COUNT VI
## DECLARATORY JUDGMENT

416.    Potter incorporates all of his foregoing responses as if fully restated herein.

417.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

418.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

419.    Admitted in part and denied in part. It is admitted only that The Institutes filed an amended and supplemental complaint on March 27, 2020 naming BIH as a defendant, as well as Potter and PBIH, LLC. All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

420.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The

allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

421.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

422.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

423.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or

are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

424.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

425.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

426.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is

required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

427.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

428.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

429.    Admitted in part and denied in part.  It is admitted only that Potter sat for a deposition in this case and a deposition in the Delaware Federal Action.  Potter denies all allegations that purport to paraphrase or recharacterize his testimony given at that deposition, or are otherwise inconsistent with it. The allegations in this paragraph also cite to and purport to rely

on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

430.    Denied. The allegations in this paragraph also cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

431.    Denied. The allegations in this paragraph also cite to and purport to rely on a written document, which speak for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

432.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

433.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings,

or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

434.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

435.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

436.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is

required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

437.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.  By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.  BIH's crossclaims in the Delaware Federal Action were all manufactured and meritless as shown throughout that case – especially at trial.

438.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

439.    Denied.  The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

440.   Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

441.   Admitted in part and denied in part. It is admitted only that counsel for Defendants sent counsel for Potter a letter, dated August 4, 2020.  All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.

442.   Admitted in part and denied in part. It is admitted only that counsel for Potter sent a letter to counsel for Defendants, dated August 14, 2020.  All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document, which speak for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writings, or are otherwise inconsistent with its terms.

443.   Denied.  The allegations in this paragraph cite to and purport to rely on a written

document, which speak for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writings, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

444.    Denied as stated. Simultaneously with rejecting Fox Rothschild, BIH's counsel in this case (DLA Piper) stated that "It is not compulsory for my client to notify you, nor to engage you *or any other firm selected by Mr. Potter* . . . ," which is contrary to the express language of the SPA.  (emphasis added). All other allegations in this paragraph, express or implied, are denied.

445.    Denied as stated. Simultaneously with rejecting Fox Rothschild, BIH's counsel in this case (DLA Piper) stated that "It is not compulsory for my client to notify you, nor to engage you *or any other firm selected by Mr. Potter* . . . ," which is contrary to the express language of the SPA.  (emphasis added). All other allegations in this paragraph, express or implied, are denied.

446.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speak for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writings, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

447.    Admitted in part and denied in part.  It is admitted only that, on September 29, 2022, final judgment was entered in the Delaware Federal Action.  All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to

rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

448.   Admitted in part and denied in part.  It is admitted only that The Institutes filed a bill of costs in the Delaware Federal Action, which Potter and BIH have each opposed.  All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

449.   Admitted in part and denied in part.  It is admitted only that the court in the Delaware Federal Action entered an injunction against BIH. All other allegations in this paragraph, express or implied, are denied. The remaining allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The remaining allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

450.   Denied.  After reasonable investigation, Potter is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in this paragraph and, therefore, those allegations are denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual

allegations. The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

451.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

452.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

453.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

454.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The

allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

455.   Admitted in part and denied in part.  It is admitted only that, on October 7, 2022, BIH sent Potter a letter entitled "Renewed Notice of Demand for Defense Costs and Indemnification."  All other allegations in this paragraph, express or implied, are denied.

456.   Admitted in part and denied in part.  It is admitted only that, on October 21, 2022, Potter sent a letter-response to BIH's letter entitled "Renewed Notice of Demand for Defense Costs and Indemnification."  All other allegations in this paragraph, express or implied, are denied.

457.   Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

458.   Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied.

459.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

460.   Denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

461.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

462.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is

required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.   All other allegations in this paragraph, express or implied, are denied.

463.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

464.    Admitted.

465.    Denied as stated.   Potter offered to indemnify BIH for the $1.00 in nominal damages awarded against it, and in favor of The Institutes, in the Delaware Federal Action.  BIH has not responded to that offer. All other allegations in this paragraph, express or implied, are denied.

466.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.   All other allegations in this paragraph, express or implied, are denied.

467.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All

other allegations in this paragraph, express or implied, are denied.

468.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

**COUNT VII**
**CONTRACTUAL INDEMNIFICATION AND DEFENSE**

469.    Potter incorporates all of his foregoing responses as if fully restated herein.

470.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

471.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

472.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.

473.    Denied.  The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

474.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

475.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

476.    Admitted in part and denied in part. It is admitted only that The Institutes filed an amended and supplemental complaint on March 27, 2020 naming BIH as a defendant, as well as Potter and PBIH, LLC.  All other allegations in this paragraph, express or implied, are denied.

477.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

478.    Admitted in part and denied in part.  It is admitted only that Potter sat for a deposition in this case and a deposition in the Delaware Federal Action.  Potter denies all allegations that purport to paraphrase or recharacterize his testimony given at that deposition, or are otherwise inconsistent with it. The allegations in this paragraph also cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

479.    Denied. The allegations in this paragraph also cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph,

express or implied, are denied.

480.    Denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required.  To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

481.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

482.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

483.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph

could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.

484.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action. BIH's crossclaims in the Delaware Federal Action were all manufactured and meritless as shown throughout that case – especially at trial.

485.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on one or more written documents, which speaks for themselves and to which no response is required. To the extent that a response is

required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied. By way of further response, there has never been a conflict of interest between Potter and BIH with respect to the Delaware Federal Action.  BIH's crossclaims in the Delaware Federal Action were all manufactured and meritless as shown throughout that case – especially at trial.

486.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

487.    Denied.  The allegations in this paragraph cite to and purport to rely on a written document (transcript from the Delaware State Court Action), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied. By way of further response, the Delaware State Court Action and its proceedings are irrelevant to the claims and defenses at issue in this action.

488.    Denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. All other allegations in this paragraph, express or implied, are denied.

489.    Admitted in part and denied in part. It is admitted only that counsel for Defendants sent counsel for Potter a letter, dated August 4, 2020.  All other allegations in this paragraph,

express or implied, are denied.

490.   Admitted in part and denied in part. It is admitted only that counsel for Potter sent a letter to counsel for Defendants, dated August 14, 2020.  All other allegations in this paragraph, express or implied, are denied. The allegations in this paragraph cite to and purport to rely on a written document, which speak for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writings, or are otherwise inconsistent with its terms.

491.   Denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

492.   Denied as stated. Simultaneously with rejecting Fox Rothschild, BIH's counsel in this case (DLA Piper) stated that "It is not compulsory for my client to notify you, nor to engage you *or any other firm selected by Mr. Potter . . .* ," which is contrary to the express language of the SPA.  (emphasis added). All other allegations in this paragraph, express or implied, are denied.

493.   Denied as stated. Simultaneously with rejecting Fox Rothschild, BIH's counsel in this case (DLA Piper) stated that "It is not compulsory for my client to notify you, nor to engage you *or any other firm selected by Mr. Potter . . .* ," which is contrary to the express language of the SPA.  (emphasis added). All other allegations in this paragraph, express or implied, are denied.

494.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All

other allegations in this paragraph, express or implied, are denied.

495.   Admitted in part and denied in part.  It is admitted only that, on September 29, 2022, final judgment was entered in the Delaware Federal Action.  All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

496.   Admitted in part and denied in part.  It is admitted only that The Institutes filed a bill of costs in the Delaware Federal Action, which Potter and BIH have each opposed.  All other allegations in this paragraph, express or implied, are denied.  The allegations in this paragraph cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

497.   Admitted in part and denied in part.  It is admitted only that the court in the Delaware Federal Action entered an injunction against BIH. All other allegations in this paragraph, express or implied, are denied. The remaining allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The remaining allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.

498.   Denied.  After reasonable investigation, Potter is without sufficient knowledge or

information to form a belief as to the truth of the matters asserted in this paragraph and, therefore, those allegations are denied. The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

499.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All other allegations in this paragraph, express or implied, are denied.

500.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

501.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  All

other allegations in this paragraph, express or implied, are denied.

502.     Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

503.     Admitted in part and denied in part.  It is admitted only that, on October 7, 2022, BIH sent Potter a letter entitled "Renewed Notice of Demand for Defense Costs and Indemnification."  All other allegations in this paragraph, express or implied, are denied.

504.     Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

505.     Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

506.     Denied.  The allegations in this paragraph cite to and purport to rely on written

documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

507.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

508.   Denied.  The allegations in this paragraph cite to and purport to rely on written documents, which speak for themselves and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize those writings, or are otherwise inconsistent with their terms.  All other allegations in this paragraph, express or implied, are denied.

509.   Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document, which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise

inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

510.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

511.    Denied.  The allegations in this paragraph set forth legal conclusions to which no response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations.  The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms.  All other allegations in this paragraph, express or implied, are denied.

512.    Admitted.

513.    Denied as stated.  Potter offered to indemnify BIH for the $1.00 in nominal damages awarded against it, and in favor of The Institutes, in the Delaware Federal Action.  BIH has not responded to that offer. All other allegations in this paragraph, express or implied, are denied.

514.    Denied.  The allegations in this paragraph set forth legal conclusions to which no

response is required and, thus, all such allegations are denied. To the extent that that this paragraph could be construed to contain allegations of fact, Potter denies all such factual allegations. The allegations in this paragraph also cite to and purport to rely on a written document (the SPA), which speaks for itself and to which no response is required. To the extent that a response is required, Potter denies all allegations that purport to paraphrase or recharacterize that writing, or are otherwise inconsistent with its terms. All other allegations in this paragraph, express or implied, are denied.

515. Denied.

**WHEREFORE**, Potter prays for judgment in his favor, and against Defendants, as alleged in Potter's Amended Complaint, and that Defendants' third amended counterclaims be dismissed with prejudice, and for all other such relief which the Court deems just and equitable.

## <u>AFFIRMATIVE DEFENSES</u>

Potter asserts the following affirmative defenses to Defendants' third amended counterclaims. By doing so, Potter does not knowingly or intentionally waive any affirmative defense that may now be, or later become, applicable to this litigation. Potter reserves the right to supplement the following affirmative defenses during the course of this litigation, and/or as discovery and investigation continues, up to and including trial.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

Defendants' third amended counterclaims fail to state a claim upon which relief can be granted or upon which recovery can be awarded.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

Defendants' third amended counterclaims and/or relief sought therein are barred and/or limited, in whole or in part, by the SPA and its terms.

### THIRD AFFIRMATIVE DEFENSE

Defendants' third amended counterclaims are barred, in whole or in part, because of their own actions and/or omissions or those actions and/or omissions of Defendants' principals, agents or representatives.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' third amended counterclaims are barred, in whole or in part, by their own prior breaches of the SPA.

### FIFTH AFFIRMATIVE DEFENSE

Potter never breached the SPA.

### SIXTH AFFIRMATIVE DEFENSE

Potter performed all duties owed to Defendants under the SPA other than those duties that were prevented or excused.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' third amended counterclaims are barred, in whole or in part, because none of Potter's alleged breaches are material-in-nature.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants' third amended counterclaims are barred, in whole or in part, by the parol evidence rule.

### NINTH AFFIRMATIVE DEFENSE

The relief sought by Defendants is barred, in whole or in part, because it would constitute unjust enrichment to Defendants.

### TENTH AFFIRMATIVE DEFENSE

Potter acted reasonably and in good faith at all times relevant hereto.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Potter never engaged in any fraudulent conduct; never intentionally or knowingly mislead Beacon, its principals, agents or representatives about BIH; and never intentionally, knowingly, negligently or carelessly misrepresented or omitted any material facts about BIH to Beacon, its principals, agents or representatives.

## TWELFTH AFFIRMATIVE DEFENSE

Potter owed no independent duty to Defendants or their principals, agents or representatives.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants have voluntarily and knowingly waived a known right and, therefore, relinquished same.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants' third amended counterclaims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants have not suffered any damages and are otherwise not entitled to the relief they seek.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendants have suffered alleged damages, said damages being specifically denied, Defendants have failed to take all necessary and reasonably steps to mitigate such damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' alleged damages are too speculative in nature.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Potter is entitled to a set off or recoupment for Defendants' own breaches of the SPA to the extent that Defendants are found to have suffered any of their alleged damages, or be entitled to any alleged recovery, said damages and recovery being specifically denied.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants' third amended counterclaims are barred, in whole or in part, by the doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants' third amended counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants' third amended counterclaims are barred, in whole or in part, because of the fraud/fraudulent scheme perpetrated against Potter by Defendants and/or their agents or representatives in connection with the sale of BIH.

Dated:  New York, New York

January 13, 2023                          Respectfully submitted,

                                         **FOX ROTHSCHILD LLP**

                              By:    /s/  John A. Wait
                                     John A. Wait, Esquire
                                     101 Park Avenue, 17th Floor
                                     New York, New York 10178
                                     T: 212-878-7900 / F: 212-692-0940
                                     jwait@foxrothschild.com

                                     Robert S. Tintner (admitted *pro hac vice*)
                                     PA Bar No. 73865 / NJ Bar No. 049651994
                                     Nathan M. Buchter (admitted *pro hac vice*)
                                     PA Bar No. 318746 / NJ Bar No. 117472014

2000 Market Street, 20th Floor
Philadelphia, PA, 19103-3222
T: (215) 299-2000 / F: (215) 299-2150
rtintner@foxrothschild.com
nbuchter@foxrothschild.com

*Attorneys for Adam Potter*