**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
ADAM POTTER,                                            :
                                                       :
                          Plaintiff,                   :         20-CV-4599 (JGK) (OTW)
                                                       :
              -against-                                :
                                                       :         **REPORT & RECOMMENDATION TO**
BEACON INTERCONTINENTAL GROUP, INC.,  et :               **THE HONORABLE JOHN G. KOELTL**
al.,                                                   :
                                                       :
                          Defendants.                  :
                                                       :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

This Report and Recommendation addresses the final outstanding items before the

Court: 1) Plaintiff's motion for attorneys' fees and costs incurred in connection with the motion

to enforce the settlement, (Buchter Decl., ECF 269); and 2) the Order for Defendants to show

cause why they should not be sanctioned for failing to appear at a conference in March, 2025.

(ECF 279). For the following reasons, I respectfully recommend that Plaintiff be awarded

**$40,335.50 in attorneys' fees and $150.79 in costs**, for a total of **$40,486.29**, and I will take no

further action on the Order to Show Cause.

I.        **BACKGROUND**

          A.        **Sanctions Related to the Settlement Agreement**

On March 13, 2024, the parties appeared before me for an in-person settlement

conference, at which they agreed to a settlement and executed a term sheet. (See ECF 236-1).

Accordingly, on March 14, 2024, Judge Koeltl entered an Order discontinuing the case but

permitting the parties to make an application to reopen the case within 60 days. (ECF 199). On

May 10, 2024, Plaintiff moved to reopen the case after Defendants "advised [Plaintiff] that

Defendants would not be able to meet a material obligation of the Settlement before the May 13 deadline." (ECF 200). On October 16, 2024, after the settlement could not be finalized notwithstanding additional settlement conferences, Plaintiff filed a motion seeking to enforce the settlement agreement and seeking sanctions against Defendants for the attorneys' fees and costs incurred by doing so. (*See* ECF 229 *et seq.*) Judge Koeltl held a hearing on December 10, 2024, at which he issued a decision on the record granting Plaintiff's motion to enforce the settlement agreement, finding Defendants had acted in bad faith, and awarding sanctions against Defendants in the form of attorneys' fees and costs to Plaintiff for bringing the motion to enforce the settlement. (ECF 263 at 15-16). Judge Koeltl directed Plaintiff to make an application for attorneys' fees and costs, which he did on December 23, 2024. (ECF 269). Defendants did not file an opposition or a response to Plaintiff's fee application. (*See* docket). Judge Koeltl also ordered Defendants to make the first installment payment of $225,000 "forthwith." (ECF 263 at 16-17). Nonetheless, Defendants made only a partial payment of the first installment, on December 20, 2024, and again failed to respond to Plaintiff's communications regarding payment of the balance of the overdue installment. (*See* ECF 266). Only after Judge Koeltl scheduled another in-person conference did Defendants pay the balance of the first installment payment. (ECF 267). Judge Koeltl cancelled that conference, and there were no further filings until March 2025.

**B.     Order to Show Cause for Failing to Appear at a Conference**

On March 3, 2025, Plaintiff submitted a letter requesting an in-person conference before me to finalize the settlement because Defendants did not respond to Plaintiff's multiple attempts to contact them in regard to "the last remaining issue" concerning the settlement. (ECF 273). I scheduled a conference for April 24, 2025. (ECF 274.) The conference was then

rescheduled to March due to the Acuntos' travel plans, but they nonetheless failed to appear, which in turn led to the Order to Show Cause at ECF 279.

The parties' responses to the Order to Show Cause were fully submitted by April 11, 2025. (*See* ECF Nos. 279, 280, 281, 284). I stayed any action on the Order to Show Cause while the parties continued to work out outstanding issues with the settlement. (ECF 287). By December 2, 2025, the parties represented that the settlement issues had been resolved and that the only outstanding matters in the case were the sanctions motion and the resolution of the Order to Show Cause.

## II.   DISCUSSION

### A.   Attorneys' Fees and Costs Ordered by Judge Koeltl

Judge Koeltl found that Defendants had acted in bad faith and awarded Plaintiff reasonable attorneys' fees and costs in bringing the motion to enforce the settlement under Fed. R. Civ. P 16 and under the Court's inherent authority. (ECF 263 at 15-17). Accordingly, the only question before me is the amount of attorneys' fees and costs incurred by Plaintiff in enforcing the settlement agreement.

Fed. R. Civ. P. 16 and 37 permit the Court to sanction a party by awarding "reasonable expenses, including attorney[s'] fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. "Courts have broad discretion to order sanctions under this Rule." *Abouelmakarem v. MDNMA Inc.*, No. 21-CV-10625 (LJL), 2023 WL 3559392, at *6 (S.D.N.Y. May 18, 2023) (citing *Burrell v. Am. Tel. & Tel. Corp.*, 282 F. App'x 66, 67 (2d Cir. 2008).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186 (2d Cir.

2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This calculation yields a

"presumptively reasonable fee," commonly referred to as the "lodestar." *Millea v. Metro-North*

*R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill*, 522 F.3d at 183). Although

developed for use in civil rights actions, "the same principle has been applied to awards of

contractual attorney's fees." *Byline Bank v. SDS Dining Corp.*, No. 22-CV-6439 (JGK) (GWG),

2024 WL 1422812, at *5 (S.D.N.Y. Apr. 3, 2024) (collecting cases). Within this broad mandate,

the district court has "considerable discretion" in determining the amount of the award. *Arbor*

*Hill*, 522 F.3d at 190.

Three partners and two associates worked on this matter during the relevant period.

(Buchter Decl., ECF 269 ¶¶ 1-14). Mr. Potter negotiated lower hourly rates than each attorney's

standard rate, $485 per hour for partners and $375 per hour for associates. (*Id.*at ¶14). Upon

review, the attorneys' hourly rates are reasonable and within the range of rates approved for

similar legal work by other courts in this district. *See Tessemae's LLC v. Atlantis Capital LLC*,

No. 18-CV-4902 (KHP), 2019 WL 2635956, at *4 (S.D.N.Y. June 27, 2019) ("T]his Court looks at

prevailing rates within this District to determine the reasonableness of the proposed rates.")

Courts in this District have determined that hourly rates ranging from $250 to $1,260 per hour,

for attorneys' work on a commercial litigation matter, were reasonable. *Id*. (collecting cases).

Plaintiff has supported his motion for fees with contemporaneous time records which

contains some block billing, but it is not so pervasive as to "frustrate meaningful review of the

reasonableness of the claimed hours," *Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015)

(summary order). Defendants did not oppose or otherwise respond to Plaintiff's motion.

Plaintiff seeks a total of $40,335.50 in attorneys' fees itemized as follows:

| TIMEKEEPER | BILLABLE HOURS | HOURLY RATE | TOTAL |
| --- | --- | --- | --- |
| Partner Mr. Buchter | 47.9 | $485 | $23,231.50 |
| Partner Mr. Wait | 16.1 | $485 | $7,808.50 |
| Associate Mr. Tintner | 7.8 | $375 | $3,783.00 |
| Associate Mr. Maguire | 14.7 | $375 | $5,512.50 |
| **TOTAL** | **86.5** | | **$40,335.50** |

A total of 86.5 hours is reasonable considering that Plaintiff had to respond to numerous unmeritorious objections and responses to Plaintiff's motion to enforce the settlement agreement. (*See* ECF 244 at 12-14). Moreover, this motion practice was necessitated by Defendants' bad faith conduct in failing to make any payments under the agreement until ordered to do so by the Court. (*See, e.g.,* ECF 263 at 15-16 ("When the September 30, 2024, deadline for the first installment payment passed, the defendants had known about the deadline—[] set forth in the binding Settlement Agreement—[] for over six months. Even now, the defendants have still not made the first installment payment, although the defendants represented to the Court that they're prepared to pay. The defendants had no colorable right to refuse to pay. The pattern of the defendants' conduct indicates that they have been avoiding their responsibilities under the Settlement Agreement in bad faith. Accordingly, the defendants are subject to sanctions."); ECF 269 at 7-8 ("Defendants made several arguments in opposition to the Motion, including (a) an impossibility defense argument that was improperly raised, but nonetheless warranted a response, and (b) arguments that warranted analysis under a multi-factor test set forth in *Winston v. Mediafare Entertainment Corporation*, 777 F.2d 78 (2d Cir.

1985) related to the enforceability of settlements under New York law.”))

To recover costs and other expenses, a prevailing party must properly substantiate those expenses with receipts, invoices, or – at a minimum – a sworn statement by an attorney. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (“The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.”)

Because the motion for fees is unopposed, the Court is willing to accept Mr. Buchter's sworn declaration as sufficient documentation for the *de minimis* expenses claimed totaling $150.79 in printing and shipping costs. (ECF 269-1).

### C.    Order to Show Cause (ECF 279)

Defendants did not fully comply with my Order to Show Cause, in that they did not submit a sworn statement from Carole Acunto or any travel or medical documentation to support their representations that travel plans or medical reasons caused their failure to appear on March 25, 2025. (See ECF 284.) Nonetheless, in an effort to get the case resolved and to get Plaintiff the benefit of the bargain that he had struck a year earlier, I stayed action on the Order to Show Cause until the parties represented that they had resolved all outstanding settlement items. The Defendants caused this Court, and Plaintiff, and Plaintiff's counsel considerable inconvenience in failing to resolve this case sooner; Defendants likely caused their own counsel inconvenience and embarrassment as well.

Although I have the authority to address my own Order to Show Cause by Opinion and Order, I find that the public docket entries in this case, (*see* ECF Nos. 279, 280, 281, 284) are a sufficient sanction, and I will take no further action on the Order to Show Cause.

### III.    CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff be awarded

**$40,486.29** consisting of **$40,335.50 in attorneys' fees and $150.79 in costs**. I further

recommend that Defendants be given a date certain by which they must pay the award.

### IV.    OBJECTIONS

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

fourteen (14) days (including weekends and holidays) from receipt of this Report to file written

objections. *See also* Fed. R. Civ. P. 6. A party may respond to any objections within fourteen (14)

days after being served. Such objections, and any responses to objections, shall be addressed to

the Honorable John. G. Koeltl, United States District Judge. Any requests for an extension of

time for filing objections must be directed to Judge Koeltl. **FAILURE TO FILE OBJECTIONS**

**WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL**

**PRECLUDE APPELLATE REVIEW**. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO*

*Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300

(2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*,

714 F.2d 234, 237–38 (2d Cir. 1983).


Respectfully Submitted,


/s/ Ona T. Wang

Dated: June 3, 2026                                 **Ona T. Wang**
New York, New York                          United States Magistrate Judge

7